**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Henry PAWLIK, Defendant–Appellant.**

**No. 02–1311.**

United States Court of Appeals,
Seventh Circuit.

Argued May 19, 2003.

Decided May 27, 2003.

Rehearing Denied June 18, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

## ORDER

Both parties to this appeal agree on one thing-the record is not a model of clarity. We agree with their observation. But we also think the record is just barely clear enough to permit us to see that Henry Pawlik's challenge to his sentence must be rejected.

Pawlik was a CPA who took a bad turn a dozen years ago when he embezzled money from a company that employed him as an accountant. The embezzlement funds were not reported as income on Pawlik's federal tax returns, and this led to a charge that a return he filed was false. Pawlik pled guilty to the charge, and he now challenges the 21–month sentence he received.

Pawlik must lose his appeal because, bottom line, he actually received a sentence at the low point of the guideline range that he urged the district court to adopt. We return to the sentencing hearing to explain why we reach this conclusion.

Prior to the hearing the government submitted its version of Pawlik's offense to the Probation Office. In its submission, the government took the position that Pawlik concealed checks from the grand jury in 1994 and that he thus obstructed justice within the meaning of U.S.S.G. § 3E1.1 and that his offense level should be increased by 2 points pursuant to that provision. The government further contended that, based on his obstruction, he was not entitled to a 2–point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

Pawlik was interviewed by a probation officer as part of the presentence investigation. During the interview, Pawlik "acknowledged his participation in the instant offense as charged in the indictment." However, he contended that he "was not aware that funds obtained by way of fraud constituted income for income taxes purposes." The problem with this statement is that it contradicted an admission Pawlik made in his written plea agreement.

The probation officer calculated Pawlik's base offense level—plus offense-related adjustments—at 12. The officer also determined that Pawlik obstructed justice within the meaning of U.S.S.G. § 3C1.1, warranting a 2–level enhancement. Finally, the officer recommended that Pawlik

not receive a 2–level reduction for acceptance of responsibility under § 3E1.1. Accordingly, based on the probation officer's calculations, Pawlik's total offense level was 14. Pawlik didn't file any objections to the probation officer's calculations.

On the day of his sentencing hearing, Pawlik submitted a letter to the judge—without the blessing of his counsel—setting forth his version of facts relevant to the issues of obstruction of justice and acceptance of responsibility. In his letter, Pawlik contradicted the admissions he made at the time of his change of plea hearing by denying that he withheld checks from the grand jury and speculating that they were "lost or misplaced while in the government's possession." He also argued that, even if the court ruled against him on the obstruction of justice issue, he was nevertheless entitled to an acceptance of responsibility reduction because he cooperated with the government.

The district judge began the sentencing hearing by asking whether Pawlik and his counsel had reviewed the PSR and whether there was anything in the report they found inaccurate. Counsel responded by noting a minor inaccuracy not relevant to this appeal, which the judge ordered the probation officer to correct. Counsel then stated, "[W]e have no other corrections, aside from our arguments on the Guidelines." After government counsel indicated that he had no objections to the PSR, the district court judge "adopt[ed the PSR] and its findings for sentencing purposes" and proceeded to argument.

The government urged the judge to impose the maximum sentence because Pawlik had: previously been convicted of the exact same offense; committed the instant offense while on probation; withheld relevant documents from the grand jury; and recently been convicted of solicitation of murder.[1] The maximum sentence, based on the PSR determination of a level 14 was 33 months, the top of the range whose bottom was 27 months.

In response, Pawlik's counsel began by noting that the government and probation officer had "not granted Mr. Pawlik the two points for acceptance of responsibility because there is an earlier adjustment for obstruction of justice." Counsel argued, however, that this case was "unusual" in that "normally an obstruction of justice situation is where the person withholds the information, tells somebody not to talk to the police or to the grand jury, and immediately thereafter there is a case presented." In contrast, counsel noted that any obstruction here would have occurred over 8 years prior to Pawlik's admission of wrongdoing—when he failed to give checks to government investigators in 1992.[2] Counsel argued that

> with this length of time between [his] obstruction and his plea, it reaches the unusual circumstances that the Guidelines are talking about. And that he—I think he should be entitled to the two points for acceptance of responsibility.

At the conclusion of defense counsel's argument, the district court judge asked, "And from your perspective, then, the Guideline range would be what?" Defense counsel responded, "Instead of level 14, it would be level 12 . . . [yielding a sentencing guidelines range of] 21 to 27 months." In short, counsel wanted a sentence topped

---

1. On July 5, 2001, Pawlik was convicted in Nevada of solicitation to commit murder and sentenced to serve 10 years.

2. The government disputed counsel's attention that the obstruction occurred in 1992, arguing that it occurred in late 1996 or 1997. In any event, that act still happened significantly before Pawlik's 2001 guilty plea.

off at 27 months and Pawlik received a sentence of 21 months.

After hearing again from government counsel, the judge announced his resolution of the issue as follows:

I'm going to give Mr. Pawlik the benefit of the doubt in terms of this obstruction issue and, therefore, make the total offense level 12, rather than 14. I do believe at this point that Mr. Pawlik has come to grips with this matter and he is ultimately accepting responsibility for his conduct here.

Based on this record, which we concede is not as clear as it should be, we conclude that Pawlik waived any claim of error in the judge's calculation of his offense level and the resulting sentence when, in response to the judge's question, he asked the judge to use 12 as his offense level and the judge set Pawlik's sentence on that requested offense level. Although the judge did not expressly outline the steps he took in determining that the appropriate offense level was 12, it is apparent that he did so by ruling on the only issue before him as framed by the parties and deciding that defendant should receive a reduction pursuant to § 3E1.1, notwithstanding the imposition of an obstruction enhancement.

Pawlik's contention that the district court both declined to apply the obstruction enhancement and gave him a reduction for acceptance of responsibility is based on the district judge's statements, "I'm going to give Mr. Pawlik the benefit of the doubt in terms of this obstruction issue" and "I do believe that Mr. Pawlik has come to grips with this matter and he is ultimately accepting responsibility for his conduct here." Pawlik's stance is untenable, in light of the abundant evidence supporting the imposition of an enhancement pursuant to § 3C1.1 and the fact that defense counsel did not directly ask the judge to decline to impose an obstruction

enhancement. Given the significant evidence of obstruction, there is no real possibility that the judge declined an obstruction enhancement, especially without being requested to do so by Pawlik's counsel.

Thus, when read in context, we see only one reasonable interpretation of the judge's sentencing determinations and reasoning, and that is that he decided to give Pawlik the "benefit of the doubt" by granting him a reduction pursuant to § 3E1.1, notwithstanding the imposition of an obstruction of justice enhancement pursuant to § 3C1.1. Because the defendant has already received the sentencing adjustment he asked for, his challenge to his sentence must be rejected. The judgment of the district court is AFFIRMED.